### FULLER v. PRUITT & BIGGS.

(Court of Civil Appeals of Texas. Texarkana. May 15, 1913.)

SET-OFF AND COUNTERCLAIM (§ 35*)—UNLIQUIDATED DAMAGES.

Under Rev. St. 1895, arts. 754, 755, providing that if the plaintiff's cause of action be a claim for unliquidated damages the defendant cannot set off any debt due him, and if the suit be founded on a certain demand the defendant cannot set off unliquidated damages, but that defendant may plead any counterclaim founded on a cause of action arising out of plaintiff's cause of action, a defendant, in an action for the price of lumber, cannot plead as a set-off damages arising out of plaintiff's breach of another contract to deliver other lumber than that upon which suit was brought.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Dec. Dig. § 35.*]

Appeal from Panola County Court; W. R. Anderson, Judge.

Action by Pruitt & Biggs against S. J. Fuller. From a judgment for plaintiffs, defendant appeals. Affirmed.

H. N. Nelson and Frank Lawson, both of Carthage, for appellant. Brooke & Woolworth, of Carthage, for appellees.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

HODGES, J. The appellees sued the appellant in the county court of Panola county to recover an indebtedness of $536.92, the value of two car loads of lumber which it is alleged they sold to the appellant. Appellant answered by a general denial, and also reconvened for damages in the sum of $990.30, claimed as the result of the breach of a contract by the appellees. The evidence showed that in June, 1906, the appellees sold the appellant one car load of lumber, and that $162.25 of the purchase price was still due and unpaid at the time of this suit; that in November following they sold him another car load of lumber for $368.67, all of which was unpaid. It must be conceded, however, that from these items there should be deducted the sum of $25.61 for inferior lumber in one car and shortage in the other, leaving a net balance of $511.31 still unpaid.

The only defense interposed to these items consists of the damages claimed in the plea in reconvention. It is alleged by the appellant, and shown by the evidence, that in August, 1906, after the shipment of the first car above mentioned, he and the appellees entered into a contract by which the latter sold him all of the lumber upon their millyard in Panola county, estimated at 475,000 feet, at an agreed price of $11.50 per M. There is some dispute about the exact terms of that agreement. According to the testimony offered by the appellees, they were to ship this lumber to the appellant at Marlow, Okl., only in the event they could get cars for that purpose; while the appellant testified that no such condition entered into their contract. The proof shows that the appellees failed to ship the lumber to the appellant, but sold it to other parties, claiming that they were unable to procure the necessary cars. The price of lumber during that season advanced, and the appellant claims he was damaged to the extent of that advance.

The principal issue in the case is whether the appellant was entitled to the damage claimed as an offset against his debt to the appellees. This was objected to by the appellees upon the ground that the damages claimed constituted an unliquidated demand and could not be set off against one that was certain. See Rev. St. 1895, arts. 754, 755. According to the testimony of Biggs, who testified for the appellees, neither of these cars was sold and delivered as a part compliance with their contract for the sale of the 475,000 feet. There is no dispute about the fact that the first was not, because it was delivered before the contract was made. There is an intimation on the part of Fuller, the appellant, that the last car was shipped in part performance of that contract; but we think the testimony clearly establishes the fact that this car was bought upon a separate order. Biggs testified, and he is not disputed by Fuller, that in November of that year they were requested by Fuller to purchase this particular lot of lumber and ship it to him at Marlow, Okl.; that they did buy and ship this car upon that special order. If that be true, damages arising from the breach of another and different contract could not be set off against the demand for the purchase price. The trial court, however, submitted to the jury the question of whether or not the shipment of this car of lumber was in part performance of the contract of sale of the 475,000 feet of lumber, and authorized the consideration of this counterclaim as a defense in the event they found that it was in part performance of that contract. The verdict for the plaintiffs in the suit determined that issue in their favor.

There are a number of assignments of error complaining of the charge given by the court and of the refusal of special charges requested by the appellant. It is not necessary to discuss these in detail. After reforming the judgment and deducting the amount of $25.61 there is left no other error of which the appellant can complain.

The judgment is accordingly so reformed and affirmed. The costs of this appeal will be taxed against the appellees.